**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 08-30190-DRH |
| vs. | ) |
| DANIEL R. NEWLIN, | ) |
| Defendant. | ) |

# PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P. 32.2 WITH RESPECT TO CERTAIN FIREARMS AND/OR AMMUNITION OF DANIEL R. NEWLIN

**HERNDON, Chief Judge:**

In the Indictment filed in the above cause on September 3, 2008, the United States sought forfeiture of property of Defendant, Daniel R. Newlin. The Court, upon consideration of the guilty plea and by the admissions of the Defendant received in this matter hereby, finds by a preponderance of evidence that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c):

**A Rohm GmbH, Model RG-10, .22 short caliber revolver bearing serial number 13328.**

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided

in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim for relief.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the property custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosives shall seize and reduce to his possession, if he has not already done so, the above-described forfeited property.

The Court finds that said property is forfeitable; however, the United States may, at its discretion, proceed with the destruction of said property without completing the forfeiture process against same.

The United States may abandon forfeiture of any item of property by filing notice of same with the Court.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order shall become final with respect to Defendant Daniel R. Newlin at the time of the Defendant's sentencing, regardless of whether or not the rights of any potential third-party petitioners have been determined by that time.

This Order shall be made part of the sentence of Defendant Daniel R. Newlin and shall be included in the Judgment imposed against said Defendant. This Order will be a final order only with

respect to said Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

**DATE:** November 19, 2008.

/s/       David R Herndon

**DAVID R. HERNDON**
**Chief Judge**
**United States District Court**